PER CURIAM:
Claimant brought this action for vehicle damage which occurred to her rental car, a 2010 Chevrolet Cobalt, when she drove over a pile of snow and asphalt on County Route 19/63, locally designated Locust Estates, in Sutton, Braxton County. County Route 19/63 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 5:45 p.m. on February 8, 2010. At the location of the incident, County Route 19/63 transitions from a one-lane paved road into a one-lane gravel road that leads to Claimant’s property. Claimant, Becky Stewart, testified that Respondent had plowed snow off the paved portion of the road and left a pile of snow mixed with asphalt patches (extracted during snow removal) across the gravel road. At the time of the incident, Ms. Stewart was driving home in a rental car. She attempted to drive cautiously over the pile of snow, but pieces of asphalt patch scrapped the rental car’s underside. As a result of this incident, Claimant’s rental vehicle sustained damage to the oil pan, requiring its replacement in the amount of $309.60. Claimant’s insurance declaration sheet indicates that her collision deductible is $500.00.
The position of Respondent is that it did not have actual or constructive notice of the pile of snow and asphalt on County Route 19/63 at the time of the incident. Jack D. Belknap, Administrator Two for Respondent in Braxton County, testified that he is familiar with County Route 19/63 where the road transitions from asphalt to gravel, and that Respondent is responsible for the maintenance of both portions of the road. Mr. Belknap testified that it is the customary practice of Respondent to remove snow on the paved portion of the road, and then turn around where the gravel begins (without leaving a pile of snow). Mr. Belknap stated that *216 there was no particular reason why Respondent customarily did not plow the gravel road. However, Mr. Belknap testified that, based on the maintenance records he consulted, on February 7, the day before the incident, Respondent had plowed Route 19/63 with a single-axel dump truck, which is larger than a ton truck and harder to turn around.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the pile of snow and asphalt on County Route 19/63. Since Respondent’s snow removal activities left behind a pile of snow and asphalt shards in the travel portion of the road, which created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $309.60.
Award of $309.60.